James J. Cooney Secretary Department of Commerce Tallahassee
QUESTION:
May the Division of Tourism release moneys appropriated in Item 197A, Ch. 78-401, Laws of Florida, when the required match of local funds consists partially of `in-kind' contributions by the City of Jacksonville?
SUMMARY:
State funds appropriated to the Division of Tourism, to be matched with other funds from a local unit of government, may not be released to the extent that the local unit proposes to match the state allocation with `in-kind' contribution of services instead of money.
Item 197A of Ch. 78-401, Laws of Florida, the 1978 General Appropriations Act, appropriates $50,000 to the Division of Tourism of the Department of Commerce for `grants and aids promotion of sporting events from General Revenue Fund.' However, in conjunction with the appropriation and also appearing as part of Item 197A is the following proviso:
 The funds appropriated in Item 197A are provided to match, on a 50% state — 50% local basis, a feasibility study for an international youth center for sports and culture to be located in Duval County under the auspices of the City of Jacksonville. (Emphasis supplied.)
You have stated that the Division of Tourism was prepared to release the $50,000 appropriation to the City of Jacksonville, but that the city offered as its matching share a cash contribution of only $25,000, with the remaining $25,000 to be given as an `in-kind' contribution apparently consisting of the services of employees of the City of Jacksonville.
It is apparent from the documents you provided that your legal counsel has advised you that there is insufficient statutory authority to allow acceptance of such `in-kind' contributions as matching funds on the part of the City of Jacksonville, and that the City of Jacksonville has been officially advised in writing by the Division of Tourism that the matching funds required by the appropriations proviso must be entirely a cash contribution.
First, there is nothing in the proviso quoted above which expressly or by necessary implication allows the acceptance of such `in-kind' services. Similarly, I find nothing in Ch. 216, F. S., or any other provision of the Florida Statutes relating to budgeting, appropriations, and expenditures of state funds, which could be said to provide such authorization. The plain meaning of the proviso to Item 197A is that the City of Jacksonville is to match the state funds. The noun `funds' is the object of the verb `match' in the proviso. While the term `funds' may often carry a broader meaning than `cash' or `money,' encompassing certain negotiable instruments immediately convertible into cash, I have found no definition of the term `funds' which would encompass — without explicit elaboration — the value of services of employees. The term `funds' is defined in 37 C.J.S. Fund or Funds, p. 1402, as:
 Capital; cash; money or moneys; money and negotiable paper immediately or readily convertible into cash; available pecuniary resources; money in hand or available for the payment of a debt, legacy, etc.; specie, or a stock of convertible wealth; and `funds' may mean or include not only money, as the term is generally understood, but other circulating medium or instrument or tokens in general use in the commercial world as the representative of value, such as bank notes, stocks, and bonds, deposits or certificates of deposit, evidences of money lent to the government, constituting a national debt, for which interest is paid at prescribed intervals, forms of obligations and securities in which investments may be made, government or public resources, the public funded debt of the government; securities, more specifically government securities, treasury certificates, and in fact every description of currency which is used in commercial transactions.
The above definition from Corpus Juris Secundum typifies the definitions of `funds' found in other such general legal reference works and does not encompass the value of services rendered by employees.
While it would certainly appear to be within the power and prerogative of the Legislature to allow a contribution of services rather than cash in a situation such as that involved here, such a decision of the Legislature would have to be clearly and expressly evidenced by language so providing. In the absence of such language, it is my opinion that the proviso to Item 197A in Ch. 78-401, Laws of Florida, requires that state funds from the $50,000 appropriation in Item 197A may be released to the City of Jacksonville only if matching funds (i.e., cash) — not `in-kind' services by employees — are provided by the City of Jacksonville. As only $25,000 in cash has been provided by the City of Jacksonville, according to your letter, only $25,000 in state funds from the $50,000 appropriation may be released at this time.
Accordingly, I concur with the advice of your legal counsel, and the decision of the Division of Tourism, and answer your question in the negative.
Prepared by:
Jerald S. Price Assistant Attorney General